IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA, ~~NORTHERN~~ DIVISION

*Northeastern*

| | | |
|---|---|---|
| MARY GREGORY | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER |
| | ) | |
| ALTERNATIVE RECOVERY, | ) | CV-09-RRA-1785-NE |
| MANAGEMENT | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| DEFENDANT. | ) | |

## COMPLAINT

This is an action brought by the Plaintiff, MARY GREGORY, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices.  Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides within the Northern Division of the Northern District.

### PARTIES

1. The Plaintiff, Mary Gregory, ("Plaintiff" or "Gregory") is a resident and citizen of the state of Alabama, Madison County, and is over the age of nineteen (19) years. She is a "consumer" as defined by 15 U.S.C. §1692a(3).

2.   The Defendant, Alternative Recovery Management ("ARM") is, upon information and belief, incorporated in the state of California with a principal office in La Mesa, California. The Defendant was, in all respects and at all times relevant herein, doing business in the state of Alabama and in this county. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Madison County, Alabama and is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3.   By correspondence dated July 3, 2009, on the letterhead of Defendant ARM, the defendant mailed a collection letter using no typewritten or individual sender name to Plaintiff Gregory demanding payment of a debt in the amount of $14,655.25 allegedly due to Green Tree Servicing LLC. A copy is attached hereto as EXHIBIT A.

4.   Exhibit A was received by Ms. Gregory at her residence in Madison, AL.

5.   The notice received by the Plaintiff fails to state that she can dispute the debt within 30 days of receipt or provide instruction on how to make such a dispute.

6.   The alleged debt of Ms. Gregory claimed in Exhibit A does not state the nature of the debt. The debt claimed is believed to be a debt incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

7.   Exhibit A fails to state the amount of debt allegedly incurred, the nature of the debt, or the identity of the original creditor to whom the debt is allegedly owed.

8.   The correspondence received on July 3, 2009, was the initial contact with the Plaintiff and the Plaintiff never received correspondence which complied with §1692g.

9.   As a result of the acts alleged above, Plaintiff suffered headaches, nausea, embarrassment, and humility and other mental anguish.

## COUNT ONE:
## VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

8. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

9. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

10. The Defendant violated § 1692c(b) by communicating and continuing to communicate with third parties when the Defendant knew or should have known Plaintiff's correct contact information.

11. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of § 1692e (2) and (5).

12. The Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

13. The Defendant violated § 1692g(a) by failing to provide the statutory validation notice within 5 days of the initial communication with Plaintiff and by failing to advise the Plaintiff she had 30 days in which to dispute this debt and/or request a verification of the alleged debt.

14. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.  Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C.  Actual damages for the Defendant's violations of the FDCPA;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E.  Such other and further relief that this Court deems necessary, just and proper.

## COUNT TWO:
## NEGLIGENT TRAINING AND SUPERVISION

15. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

16. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

17. The Defendant knew or should have known that said conduct was improper.

18. Defendant ARM negligently failed to train and supervise collectors in order to prevent said improper conduct.

19. Defendant ARM negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

20. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, worry, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A.  Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.  Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C.  Actual damages for the Defendant's violations of the FDCPA;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E.  Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's negligent training and supervision, and

F.  Such other and further relief that this Court deems necessary, just and proper.

## COUNT THREE:
## RECKLESS AND WANTON TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

23. The Defendant knew or should have known that the said conduct was improper and illegal.

24. Defendant ARM recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

25. Defendant ARM recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

26. As a result of the Defendant's recklessness and wantonness, the

Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's reckless and wanton training and supervision; and

F. Such other and further relief that this Court deems necessary, just and proper.

## COUNT FOUR:
## INVASION OF THE RIGHT OF PRIVACY

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

29. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the

communications were made by individuals who were the employees of and/or acting on behalf of ARM.

30. Said communications constitute the wrongful intrusion into her solitude and seclusion.

31. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's invasion of the Plaintiff's privacy; and

F. Such other and further relief that this Court deems necessary, just and proper.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

_____
Leah M. Fuller
Attorney for Plaintiff

**OF COUNSEL:**
Fuller Law Firm, LLC
P.O. Box 101883
Birmingham, AL 35210
Tel. (205) 834-8913
Fax (205) 834-8924
lfuller@fullerfirm.com


**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

Alternative Recovery Management
8204 Parkway Drive, Suite 9
La Mesa, CA 91942



## This has been sent by a collection agency

*Alternative Recovery Management - A Collection Agency*

(800) 525-2433
Tel. (619) 469-6194
Fax (619) 469-9956

8204 Parkway Dr. Suite #9 • La Mesa, CA 91942

```
                              07-03-09
                              Creditor:
                              GREEN TREE SERVICING LLC
                              Account No:378145
MARY E GREGORY
137 SPENCER GRN
MADISON, AL 35758

                              Amount:       14655.25
                              Interest:         0.00
                              Check Chg:        0.00

                              TOTAL DUE:    14655.25
```

# DEMAND FOR PAYMENT

## YOU HAVE IGNORED OR REFUSED OUR DEMAND FOR IMMEDIATE PAYMENT OF YOUR DEBT.

We may begin an Asset/Debt investigation on you if no payment or response is received. Federal law requires that we inform you of this as an attempt to collect a debt; all information will be used for that purpose.

### AVOIDING US WILL NOT MAKE YOUR DEBT GO AWAY -

### PAY NOW OR CONTACT THIS AGENCY FOR SUITABLE REPAYMENT

Visa, Mastercard, Discover & American Express Accepted

\*\*A $20.00 Service Charge is applied to all returned checks.

\*\*CALIFORNIA RESIDENTS PLEASE SEE REVERSE OF THIS NOTICE\*\*

## CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest, or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.